*HARRIS' TUTOR* vs. *M'KEE & AL.*

HARRIS'TUTOR
*vs.*
M'KEE & AL.

APPEAL from the court of probates of the parish of St. Helena.

PORTER, J., delivered the opinion of the court. The petitioner claims for his minor children a partition of certain slaves in the possession of the defendants.

The court of probates has not jurisdiction of a case where the heirs of a succession claim property from those who hold under a title adverse to them and their ancestor.

The right, to do so, is derived from a donation made so far back as the year 1800, to Daniel, Elizabeth, Ann, and Mary Bookter, two of whom have since died without issue. The plaintiffs are the descendants of Elizabeth, who is also deceased.

There was a plea to the jurisdiction in the court below: we think it should have been sustained.

We see nothing in the allegations of the parties, nor in the evidence adduced, which could enable the court of probates to take cognizance of the case. That court is the proper one to make a partition of a succession, where the parties claim as heirs or legatees; and no defence is made under another title, or in a different capacity. In the present case, if the minor heirs had wished to

East'n. District.
*May*, 1826.

HARRIS'TUTOR
*vs.*
M'KEE & AL.

make a division of effects which they held in common, they would have been before the proper tribunal; but the object is to recover from a party who claims adversely to them and to their ancestor, and the ordinary courts can alone settle that question. The case on the part of the plaintiff is not made stronger, by supposing Bookter's succession to be interested in it; for, the defendant set up a title which is equally opposed to a demand in that right. The 924th article of the Code of Practice, on which the inferior court sustained the case, relates to persons of full age who have a right in a succession. *Ante,* 77.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that there be judgment against the plaintiff as in case of nonsuit, and that he pay costs in both courts.

*Bradford* and *Watts & Lobdell* for the plaintiff, *Preston* for the defendants.